UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JASON ROOF, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 23-cv-3080 |
| | ) |
| CHERRYLE HINTHORNE, | ) |
| | ) |
| Defendant. | ) |

## MERIT REVIEW ORDER – AMENDED COMPLAINT

Plaintiff, proceeding *pro se*, filed an amended complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights at Jacksonville Correctional Center ("Jacksonville"). (Doc. 10). The case is now before the Court for a merit review of Plaintiff's claims. The Court must "screen" Plaintiff's complaint, and through such process, identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff names Cherryle Hinthorne, the Warden of Jacksonville, as the sole Defendant. Plaintiff alleges there is mold in the health care unit, housing units, and showers; the dayrooms are filthy; the ceiling and vents are full of dust and smell of mold; there is no fresh air because the windows do not open; the bed areas are not cleaned when inmates are moved during Covid-19 testing; and the facility is overcrowded. Plaintiff alleges he has asthma and experiences headaches

1

and trouble breathing due to the mold. Plaintiff also claims that he suffered from sinus infections due to unclean and overcrowded units.

"For a condition to be 'sufficiently serious,' it must result in a 'denial of the minimal civilized measure of life's necessities' such as a denial of a basic human need including food, medical care, sanitation, or physical safety." *Arringon v. Donathan*, 2022 WL 4466714, at *2 (C.D. Ill. Sept. 26, 2022) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). Living conditions which "cause inconvenience or discomfort do not rise to the level of a constitutional violation." *Hickman v. St. Clair Cnty. Jail*, 2020 WL 3489239, at *2 (S.D. Ill. June 26, 2020) (citing *Adams v. Pate*, 445 F.2d 105, 108-09 (7th Cir. 1971)). "Potentially dangerous conditions that are merely noted, but result in no injury, typically fail to state claim." *Hickman*, 2020 WL 3489239, at *2 (citing *Walker v. Peters*, 233 F.3d 494, 502 (7th Cir. 2000) ("Because he cannot show injury, he cannot make out a claim....")).

While the conditions and symptoms Plaintiff describes may be sufficient to allege an Eighth Amendment conditions of confinement claim, Plaintiff fails to include any allegations pertaining to Defendant Hinthorne in the body of his amended complaint. "[T]o be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Vill. of Oak Park*, 430 F.3d 805, 810 (7th Cir. 2005) (citations omitted). There is no *respondeat superior* under § 1983. Defendant Hinthorne is not liable based solely on her position as Warden. *Doe v. Purdue Univ.*, 928 F.3d 652, 664 (7th Cir. 2019). If state prison officials are named, they must be named in their individual capacities, and Plaintiff must allege that the official personally participated in the deprivation or was deliberately reckless as to the misconduct of subordinates or was aware and condoned, acquiesced, or turned a blind eye to it. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001).

Plaintiff's amended complaint is dismissed for failure to state a claim upon which relief can be granted. The Court will allow Plaintiff a final opportunity to file a second amended complaint. Plaintiff's second amended complaint must stand complete on its own, include all claims and Defendants, and must not refer to earlier complaints.

**IT IS THEREFORE ORDERED:**

**1)     Plaintiff's amended complaint is dismissed for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915A.**

**2)     Plaintiff shall have a final opportunity to file a second amended complaint within 30 days from the entry of this Order. Plaintiff's second amended complaint will replace Plaintiff's amended complaint in its entirety. The second amended complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted. Failure to file a timely second amended complaint will result in the dismissal of this case.**

**3)     The Clerk is directed to provide Plaintiff with a blank Section 1983 complaint form to assist Plaintiff.**

ENTERED: 10/17/2023

                                                   s/ James E. Shadid  
                                                   James E. Shadid  
                                                   United States District Judge